■ U.S. BANK, N.A., Appellant, v ADRIAN COLLYMORE, Respondent, et al., Defendants. [890 NYS2d 578]—

In 2005 the defendant Adrian Collymore (hereinafter the defendant) executed a note to borrow the sum of $569,500 from the New Century Mortgage Corporation (hereinafter New Century). The note was secured by a mortgage on the defendant's property located in Brooklyn. In July 2006 New Century assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), and MERS subsequently assigned the mortgage to U.S. Bank, N.A. (hereinafter the Bank) in December 2007.

On January 15, 2008 the Bank commenced this foreclosure action alleging that it was the holder of the note and mortgage, and that the defendant had defaulted upon his payment obligations as of August 1, 2007. In his verified answer, the defendant alleged lack of standing as an affirmative defense. The Bank thereafter moved, inter alia, for summary judgment and to appoint a referee to compute the sums due and owing under the note and mortgage, and the defendant cross-moved to dismiss the complaint, alleging, inter alia, that the Bank lacked standing to commence this action. In the order appealed from, the Supreme Court denied the motion and cross motion, and the Bank appeals from so much of the order as denied those branches of its motion which were for summary judgment and to appoint a referee to compute the sums due and owing under the subject note and mortgage.

Where, as here, standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief (*see Wells Fargo Bank Minn., N.A. v Mastropaolo,* 42 AD3d 239, 242 [2007]; *TPZ Corp. v Dabbs,* 25 AD3d 787, 789 [2006]; *see also Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769 [1991]). In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced (*see Mortgage Elec. Registration Sys., Inc. v Coakley,* 41 AD3d 674 [2007]; *Federal Natl. Mtge. Assn. v Youkelsone,* 303 AD2d 546, 546-547 [2003];

*First Trust Natl. Assn. v Meisels,* 234 AD2d 414 [1996]). Where a mortgage is represented by a bond or other instrument, an assignment of the mortgage without assignment of the underlying note or bond is a nullity (*see Merritt v Bartholick,* 36 NY 44, 45 [1867]; *Kluge v Fugazy,* 145 AD2d 537, 538 [1988]). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (*see Weaver Hardware Co. v Solomovitz,* 235 NY 321 [1923]; *Payne v Wilson,* 74 NY 348, 354-355 [1878]; *LaSalle Bank Natl. Assn. v Ahearn,* 59 AD3d 911, 912 [2009]; *Mortgage Elec. Registration Sys., Inc. v Coakley,* 41 AD3d at 674; *Flyer v Sullivan,* 284 App Div 697, 699 [1954]).

Contrary to the Bank's contentions, it failed to demonstrate its prima facie entitlement to judgment as a matter of law because it did not submit sufficient evidence to demonstrate its standing as the lawful holder or assignee of the subject note on the date it commenced this action. The Bank's evidentiary submissions were insufficient to establish that MERS effectively assigned the subject note to it prior to the commencement of this action (*see Slutsky v Blooming Grove Inn,* 147 AD2d 208, 212 [1989]), and the mere assignment of the mortgage without an effective assignment of the underlying note is a nullity (*see Merritt v Bartholick,* 36 NY at 45; *Kluge v Fugazy,* 145 AD2d at 538). Furthermore, the Bank failed to establish that the note was physically delivered to it prior to the commencement of the action. The affidavit of a vice-president of the Bank submitted in support of summary judgment did not indicate when the note was physically delivered to the Bank, and the version of the note attached to the vice-president's affidavit contained an undated indorsement in blank by the original lender. Furthermore, the Bank's reply submissions included a different version of the note and an affidavit from a director of the Residential Funding Corporation which contradicted the affidavit of the Bank's vice-president in tracing the history of transfers of the mortgage and note to the Bank. In view of the Bank's incomplete and conflicting evidentiary submissions, an issue of fact remains as to whether it had standing to commence this action. Accordingly, those branches of the Bank's motion which were for summary judgment and to appoint a referee to compute the sums due and owing under the note and mortgage were properly denied (*see TPZ Corp. v Dabbs,* 25 AD3d 787, 789 [2006]). Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.