■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v LUIS RIVAS, Respondent, et al., Defendants. [945 NYS2d 328]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, J.), dated March 2, 2011, which granted that branch of the motion of the defendant Luis Rivas which was to dismiss the complaint insofar as asserted against him for lack of standing pursuant to CPLR 3211 (a) (3).

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Luis Rivas which was to dismiss the complaint insofar as asserted against him for lack of standing pursuant to CPLR 3211 (a) (3) is denied.

In this action to foreclose a mortgage, the defendant Luis Rivas moved to dismiss the complaint insofar as asserted against him on the ground, among others, that the plaintiff lacked standing to commence the action (see CPLR 3211 [a] [3]). The Supreme Court granted that branch of the motion. The plaintiff appeals, and we reverse.

When a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to establish its standing to be entitled to relief (see *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]; *US Bank N.A. v Madero*, 80 AD3d 751, 752 [2011]; *US Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating

that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note, "either by physical delivery or execution of a written assignment prior to the commencement of the action" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]). Here, the issue of standing cannot be determined as a matter of law on this record (*see HSBC Mtge. Corp. [USA] v MacPherson*, 89 AD3d 1061, 1062 [2011]), because there is a question of fact as to whether the plaintiff was the lawful holder of the note when it commenced the action (*see Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]; *cf. Bank of N.Y. v Silverberg*, 86 AD3d 274, 281-282 [2011]; *TPZ Corp. v Dabbs*, 25 AD3d 787, 789 [2006]).

The remaining branches of Rivas's motion remain pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.