In an action to foreclose a mortgage, the defendant Rochelle McCary appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Farneti, J.), entered December 5, 2012, which, upon an order of the same court dated February 14, 2012, inter alia, granting the plaintiffs motion, among other things, for summary judgment on the complaint and denying her cross motion, inter alia, to dismiss the complaint insofar as asserted against her for lack of standing, and upon confirming a referee’s report finding that the sum of $366,406.79 was due upon the mortgage, is in favor of the plaintiff and against her directing a foreclosure and sale of the subject property.
Ordered that the judgment is affirmed, with costs.
“Where, as here, a plaintiffs standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent *650 upon the plaintiff to prove its standing to be entitled to relief’ (Citimortgage, Inc. v Stosel, 89 AD3d 887, 888 [2011]; see Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced (see HSBC Bank USA v Hernandez, 92 AD3d 843 [2012]; Bank of N.Y. v Silverberg, 86 AD3d at 279; U.S. Bank, N.A. v Collymore, 68 AD3d at 753). The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing “[e]ither a written assignment of the underlying note or the physical delivery of the note” (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108 [2011]).
Here, in support of that branch of its motion which was for summary judgment on the complaint, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 932 [2013]; GRP Loan, LLC v Taylor, 95 AD3d 1172 [2012]). The plaintiff also established that it had standing as the holder of the note and mortgage by submitting the written mortgage assignments and the affidavit of the plaintiffs president, which established that it had physical possession of the note prior to commencement of this action (see Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d at 932; Marcon Affiliates, Inc. v Ventra, 112 AD3d 1095 [2013]; cf. Homecomings Fin., LLC v Guldi, 108 AD3d 506 [2013]). In opposition, the defendant Rochelle McCary failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiffs motion which was for summary judgment on the complaint.
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination.
Mastro, J.E, Rivera, Sgroi and Cohen, JJ., concur.