■ US Bank National Association, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-1, Appellant, v Jahanara Faruque, Respondent, et al., Defendants. [991 NYS2d 630]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered June 27, 2013, as, in effect, denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Jahanara Faruque, and, in effect, granted that branch of the cross motion of that defendant which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the cross motion of the defendant Jahanara Faruque which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action, and substituting therefor a provision denying that branch of the cross motion; as so modified,

the order is affirmed insofar as appealed from, without costs or disbursements.

In December 2005, the defendant Jahanara Faruque executed a note, pursuant to which she promised to repay the sum of $630,000 that she borrowed from Fairmont Funding, Ltd. (hereinafter Fairmont Funding). The note was secured by a mortgage on Faruque's real property, located in Richmond Hill, Queens. The mortgage provided, inter alia, that Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), was acting as a nominee for Fairmont Funding and its successors and assigns. On August 7, 2009, MERS assigned the mortgage to US Bank National Association, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-1 (hereinafter the plaintiff). In September 2009, the plaintiff commenced this action to foreclose the mortgage, alleging that Faruque defaulted on her loan repayment obligations. Faruque answered the complaint and, inter alia, specifically denied that the note was delivered to the plaintiff or that an assignment from Fairmont Funding to the plaintiff had been recorded. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Faruque. Faruque cross-moved, inter alia, to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action (see CPLR 3211 [a] [3]). The Supreme Court, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Faruque and, in effect, granted that branch of Faruque's motion which was to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action. The plaintiff appeals.

In order to commence a foreclosure action, a plaintiff must have a legal or equitable interest in the mortgage (see HSBC Bank USA v Hernandez, 92 AD3d 843, 843 [2012]). Where standing is put into issue by a defendant's answer, a plaintiff must prove its standing if it is to be entitled to relief (see Bank of N.Y. Mellon v Gales, 116 AD3d 723 [2014]; Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 932 [2013]; Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]). Contrary to the plaintiff's contention, Faruque put the plaintiff's standing into issue by the specific denials in her answer regarding the note and mortgage and, under such circumstances, she was not required to plead lack of standing as an affirmative defense (see CPLR 3018 [b]). Thus, in order for the plaintiff to be entitled to relief, it had to prove its standing (see Bank of N.Y. Mellon v Gales, 116 AD3d 723 [2014]).

A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced (*see Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *HSBC Bank USA v Hernandez*, 92 AD3d at 843; *Bank of N.Y. v Silverberg*, 86 AD3d at 279). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014]; *HSBC Bank USA v Hernandez*, 92 AD3d at 844; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). As a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note (*see Bank of N.Y. v Silverberg*, 86 AD3d at 280). However, the transfer of the mortgage without the debt is a nullity, and no interest is acquired by it (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *Bank of N.Y. v Silverberg*, 86 AD3d at 280), because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation (*see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]).

Here, the evidence submitted by the plaintiff in support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against Faruque did not establish that the note was physically delivered to it prior to the commencement of the action (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]). The affidavit of the plaintiff's servicing agent contained conclusory statements regarding the plaintiff's possession of the note, and did not give any factual details of a physical delivery and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing the action (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *cf. Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931 [2013]). Regarding the purported assignment of the note and mortgage, the assignment from MERS to the plaintiff dated August 7, 2009, transferred only the mortgage and, thus, the plaintiff failed to demonstrate that the note had also been assigned at that time (*cf. Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]). Further, the plaintiff's contention that the unsigned excerpt from a Pooling and Servicing Agreement dated May 1, 2006, constituted a written assignment of the note is improperly raised for the first time on appeal and, thus, is not properly before this Court (*see HSBC Bank USA, N.A. v Calderon*, 115 AD3d 708 [2014]). Accordingly, the

Supreme Court properly, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Faruque, since the plaintiff failed to establish, prima facie, that it had standing to commence the action (*see Homecomings Fin., LLC v Guldi*, 108 AD3d 506, 509 [2013]).

The Supreme Court erred, however in, in effect, granting that branch of Faruque's cross motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action. Although the plaintiff failed to establish its entitlement to judgment as a matter of law on the complaint insofar as asserted against Faruque, the Supreme Court should not have directed the dismissal of the complaint. The issue of standing cannot be determined as a matter of law on this record, since a question of fact remains with respect to the issue of whether the plaintiff was the lawful holder of the note when it commenced the action (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 683; *Deutsche Bank Natl. Trust Co. v Rivas*, 95 AD3d 1061 [2012]).

The parties' remaining contentions either are without merit, are raised for the first time on appeal, or have been rendered academic by our determination. Dillon, J.P., Lott, Austin and Barros, JJ., concur.