■ U.S. Bank National Association, as Trustee on Behalf of the Holders of the Adjustable Rate Mortgage Trust 2007-1, Adjustable Rate Mortgage-Backed Pass Through Certificates, Series 2007-1, Appellant, v Paula Guy, Respondent, et al., Defendants. [5 NYS3d 116]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from (1) so much an order of the Supreme Court, Kings County (Schmidt, J.), dated December 7, 2012, as conditionally granted that branch of the motion of the defendant Paula Guy which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her for lack

of standing to the extent of directing the dismissal of the complaint in the event that the plaintiff failed to submit evidence to establish standing by a certain date, and (2) so much of an order of the same court dated August 22, 2013, as granted that branch of the motion of the defendant Paula Guy which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her for lack of standing based upon the plaintiff's failure to comply with the order dated December 7, 2012.

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the motion of the defendant Paula Guy which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her for lack of standing is denied.

The plaintiff commenced this mortgage foreclosure action in 2012, alleging that the defendant Paula Guy failed to comply with the conditions of the mortgage by not making the payments due thereunder. Guy moved, inter alia, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her for lack of standing. In opposition to Guy's motion, the plaintiff submitted, among other things, the underlying adjustable rate note with an affixed undated allonge endorsed in blank, indicating that the plaintiff was the transferee of the note. In an order dated December 7, 2012, the Supreme Court, inter alia, conditionally granted that branch of Guy's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her for lack of standing to the extent of directing the dismissal of the complaint in the event that the plaintiff failed to submit evidence to establish standing by a certain date. In an order dated August 22, 2013, the Supreme Court granted that branch of Guy's motion which was to dismiss the complaint insofar as asserted against her for lack of standing based upon the plaintiff's failure to comply with the order dated December 7, 2012. The plaintiff appeals.

"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *see HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 209 [2009]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note

or the physical delivery of the note (*see Kondaur Capital Corp. v McCary*, 115 AD3d at 650; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). On a defendant's motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (*see HSBC Mtge. Corp. [USA] v MacPherson*, 89 AD3d 1061, 1062 [2011]). To defeat the motion, a plaintiff must submit evidence which raises a question of fact as to its standing (*see US Bank N.A. v Faruque*, 120 AD3d 575, 578 [2014]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 683 [2012]).

Here, by producing the underlying adjustable rate note with an affixed undated allonge endorsed in blank, indicating that the plaintiff was the transferee of the note, the plaintiff made a showing sufficient to deny that branch of Guy's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her based on the plaintiff's alleged lack of standing (*see* CPLR 3211 [a] [3]; *Deutsche Bank Natl. Trust Co. v Rivas*, 95 AD3d 1061 [2012]; *Deutsche Bank Trust Co. Ams. v Codio*, 94 AD3d 1040, 1041 [2012]; *cf. Homecomings Fin., LLC v Guldi*, 108 AD3d 506, 508 [2013]; *U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 725 [2011]).

In light of our determination, we need not address the plaintiff's remaining contentions.

Accordingly, the Supreme Court should have denied that branch of Guy's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her for lack of standing. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.