■ BANK OF AMERICA, N.A., Respondent, v MITCH N. PAULSEN, Appellant, et al., Defendants. [6 NYS3d 68]—

In an action to foreclose a mortgage, the defendant Mitch N. Paulsen appeals (1) from a decision of the Supreme Court, Nassau County (Adams, J.), entered January 8, 2013, (2), as limited by his brief, from so much of an order of the same court (Brandveen, J.), entered April 11, 2013, as, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike his answer, for an order of reference, and to amend the complaint nunc pro tunc, and, in effect, denied that branch of his cross motion which was pursuant to CPLR 3211 (a) to dismiss the complaint, and (3) from a judgment of foreclosure and sale of the same court (Adams, J.), entered November 24, 2014, which, upon the order, confirmed the referee's report, and directed the sale of the subject property.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the appellant's answer, and for an order of reference are denied, and the order entered April 11, 2013, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant Mitch N. Paulsen.

The appeal from the order entered April 11, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]).

In order to commence a foreclosure action, a plaintiff must have a legal or equitable interest in the mortgage (*see HSBC Bank USA v Hernandez*, 92 AD3d 843, 843 [2012]). Where standing is put into issue by the defendant, a plaintiff must prove its standing if it is to be entitled to relief (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). Here, contrary to the conclusion reached by the Supreme Court, the appellant did not waive the issue of standing. Although the appellant's answer did not raise standing as a separate defense, a fair reading of his answer reveals that it contained language which denied that the plaintiff was the owner and holder of the note and mortgage being foreclosed. Under such circumstances, the appellant was not required to expressly plead lack of standing as a defense (*see* CPLR 3211 [e]; *US Bank N.A. v Faruque*, 120 AD3d 575 [2014]). Accordingly, in order for the plaintiff to be entitled to summary judgment in this foreclosure action, it had to prove its standing (*see Bank of N.Y. Mellon v Gales*, 116 AD3d at 723).

"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*US Bank N.A. v Faruque*, 120 AD3d at 577; *see Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *HSBC Bank USA v Hernandez*, 92 AD3d 843, 843 [2012]). Here, the evidence the plaintiff tendered in support of that branch of its motion which was for summary judgment on the complaint did not establish that the

note was physically delivered to it prior to the commencement of the action (*see Bank of N.Y. Mellon v Gales*, 116 AD3d at 724). In particular, the affidavit of Benjamin Walter Hassett, an employee of the plaintiff, which was submitted in support of the plaintiff's motion, contained conclusory statements regarding the plaintiff's possession of the note, and did not give any factual details of a physical delivery and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing the action (*see US Bank N.A. v Faruque*, 120 AD3d at 577; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]). Additionally, although the assignment of mortgage was dated March 25, 2010, prior to the date this action was commenced, that assignment transferred the mortgage only. Consequently, the assignment did not show that the note was also assigned at that time (*see US Bank N.A. v Faruque*, 120 AD3d at 577). Thus, the plaintiff failed to establish, prima facie, that it had standing. Accordingly, the plaintiff was not entitled to summary judgment on the complaint.

The issue of standing cannot be determined as a matter of law on this record because a question of fact remains as to whether the plaintiff was the lawful holder of the note when it commenced this foreclosure action. Therefore, contrary to the appellant's contention, he was not entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (*see US Bank N.A. v Faruque*, 120 AD3d at 578; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 683; *Deutsche Bank Natl. Trust Co. v Rivas*, 95 AD3d 1061 [2012]).

The appellant's remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.