Rose, J.
Appeal from an order of the Supreme Court (Ferradino, J.), entered November 19, 2013 in Saratoga County, which, among other things, granted plaintiff’s motion for summary judgment.
Defendant Edward J. Kyle (hereinafter defendant) executed a note in favor of Countrywide Home Loans, Inc. secured by a mortgage on real property located in Saratoga County. He defaulted on the payments in 2011, and plaintiff commenced this action for foreclosure in August 2012. Following joinder of issue, plaintiff moved for summary judgment striking the answer and appointing a referee to compute the amount due. Defendant then cross-moved for, among other things, an order striking plaintiff’s complaint for failure to respond to discovery demands. Supreme Court granted plaintiff’s motion for summary judgment and defendant appeals.
Inasmuch as defendant raised the affirmative defense of standing and plaintiff failed to sustain its burden of establish *1169 ing that it was a holder or assignee of the note at the commencement of the action, summary judgment should not have been granted. Our well-settled rule is that “[a] plaintiff has standing in a mortgage foreclosure action where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced” (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015] [internal quotation marks and citations omitted]; accord Citibank, N.A. v Herman, 125 AD3d 587, 588 [2015]; Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation” (Chase Home Fin., LLC v Miciotta, 101 AD3d at 1307 [internal quotation marks and citation omitted]; see Citibank, N.A. v Herman, 125 AD3d at 588).
Here, plaintiff does not rely on a written assignment of the note, but instead argues that it had physical possession of the note at the time of the commencement of the action. The note itself does not establish this, however, because it has only an undated indorsement in blank from the original lender (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]). While plaintiff’s possession of such a bearer instrument would make it a holder (see Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; UCC 3-204 [a]), the affidavit submitted by plaintiff from an assistant secretary of the current assignee of the mortgage, Nationstar Mortgage, LLC, does not establish whether plaintiff had possession of the note at the time the action was commenced. The affidavit states only that “[a]s of the date the foreclosure action was commenced, 08/27/2012 [sic] was and remains in possession of the Note.”* Plaintiff argues that this is merely a typographical error that should be overlooked because the affiant also affirms the allegations in the complaint as true and accurate. However, the complaint alleges in the alternative that plaintiff “is now the sole, true and lawful holder of the said bond(s)/note(s) ... or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject . . . note.” This type of disjunctive, “varying, and potentially inconsistent, statement[ ] do[es] not definitively establish that plaintiff maintained physical possession of the note at the relevant time” (Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1377 [2015]; see U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Given *1170 the lack of any definitive statement in the complaint that plaintiff held the note, we cannot overlook the alleged typographical error in the affidavit.
Plaintiffs alternative argument, that it had the authority to bring the foreclosure action based on the servicing guidelines of Freddie Mac, which defendant alleges is the holder of the note, is not supported by any evidence in the record (see US Bank N.A. v Faruque, 120 AD3d 575, 577 [2014]). Moreover, although the record does include an assignment of the mortgage to plaintiff dated prior to the commencement of the action, there is no evidence that the note was assigned with the mortgage and, without the note, the assignee of only the mortgage has no standing (see Bank of Am., N.A. v Paulsen, 125 AD3d 909, 911 [2015]; Citibank, N.A. v Herman, 125 AD3d at 589; US Bank N.A. v Faruque, 120 AD3d at 577). Accordingly, the issue of standing cannot be determined as a matter of law on this record. Finally, we have considered defendant’s contentions regarding his cross motion and found them to be unpersuasive.
Lahtinen, J.P., McCarthy and Garry, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff’s motion for summary judgment; said motion denied; and, as so modified, affirmed.

 The date “08/27/2012,” which is the date of the commencement of the action, is typed on an underlined blank space in the quoted sentence.