In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated June 11, 2013, which granted the motion of the defendants Svetlana Roumiantseva and Iouri Roumiantsev to dismiss the complaint for lack of standing.
Ordered that the order is affirmed, with costs.
Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief (see HSBC Bank USA, N.A. v Calderon, 115 AD3d 708, 709 *984 [2014]; Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362 [2015]; see Kondaur Capital Corp. v McCary, 115 AD3d 649, 650 [2014]; Bank of N.Y. v Silverberg, 86 AD3d at 279). “The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note” (U.S. Bank N.A. v Guy, 125 AD3d 845, 846-847 [2015]; Kondaur Capital Corp. v McCary, 115 AD3d at 650). “As a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note. However, the transfer of the mortgage without the debt is a nullity, and no interest is acquired by it, because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation” (see Citibank, N.A. v Herman, 125 AD3d 587, 588 [2015] [citations omitted]; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911 [2013]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Bank of N.Y. v Silverberg, 86 AD3d at 280).
On a defendant’s motion to dismiss the complaint based upon a plaintiffs alleged lack of standing, the burden is on the defendant to establish, prima facie, the plaintiff’s lack of standing as a matter of law (see U.S. Bank N.A. v Guy, 125 AD3d at 847; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062 [2011]). “To defeat the motion, a plaintiff must submit evidence which raises a question of fact as to its standing” (U.S. Bank N.A. v Guy, 125 AD3d at 847; US Bank N.A. v Faruque, 120 AD3d 575, 578 [2014]; Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 683 [2012]).
Here, in support of their motion to dismiss the complaint, the defendants Svetlana Roumiantseva and Iouri Roumiantsev (hereinafter together the defendants) submitted the plaintiff’s response to their demand for documents supporting the plaintiff’s purported basis for standing set forth in the complaint. The plaintiff allegedly obtained its right to foreclose by way of an assignment of the mortgage and note from Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting as nominee for the original lender. However, the documents showed that MERS was never the holder of the note and, therefore, was without authority to assign the note (see Citibank, N.A. v Herman, 125 AD3d 587, 589 [2015]). As a *985 result, the defendants demonstrated, prima facie, that the plaintiff’s purported basis for standing was not valid.
In opposition, the plaintiff submitted, among other things, a copy of an endorsement in blank dated December 7, 2006. Thereafter, the Supreme Court directed the plaintiff to produce the original note and the endorsement (see CPLR 3212 [c]). The endorsement was attached to the original note by only a paperclip. UCC 3-202 provides that “[a]n indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof.” Here, the purported endorsement, attached by a paperclip, was not so firmly affixed to the note as to become a part thereof (see UCC 3-202 [2], Comment 3; Slutsky v Blooming Grove Inn, 147 AD2d 208, 212 [1989]; cf. U.S. Bank N.A. v Guy, 125 AD3d at 847; Deutsche Bank Trust Co. Ams. v Codio, 94 AD3d 1040, 1041 [2012]). As such, the purported endorsement did not constitute a valid transfer of the underlying note to the plaintiff.
The affidavit of the plaintiff’s servicing agent, which was improperly submitted for the first time in surreply, should not have been considered by the Supreme Court (see CPLR 2214; McMullin v Walker, 68 AD3d 943, 944 [2009]; Flores v Stankiewicz, 35 AD3d 804 [2006]).
Accordingly, the Supreme Court properly granted the defendants’ motion to dismiss the complaint for lack of standing. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.