# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1096**
**CA 14-00879**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

FIRST FRANKLIN FINANCIAL CORPORATION,
PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

WILLIAM NORTON, ALSO KNOWN AS WILLIAM A. NORTON,
DEFENDANT-RESPONDENT,
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,
ET AL., DEFENDANTS.

---

FEIN, SUCH & CRANE, LLP, ROCHESTER, D.J. & J.A. CIRANDO, ESQS.,
SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARCO CERCONE OF
COUNSEL), AND ARTHUR N. BAILEY & ASSOCIATES, JAMESTOWN, FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered June 6, 2012. The order, inter alia,
granted the motion of defendant William Norton, also known as William
A. Norton, to dismiss the complaint against him for lack of standing
and directed the Chautauqua County Clerk to mark as cancelled a
certain mortgage-like instrument.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the second ordering
paragraph, and as modified the order is affirmed without costs.

Memorandum: In this mortgage foreclosure action, plaintiff
appeals from an order that, inter alia, granted the motion of William
Norton, also known as William A. Norton (defendant) to dismiss the
complaint against him and sua sponte cancelled the mortgage. Contrary
to plaintiff's contention, Supreme Court properly granted the motion
to dismiss the complaint on the ground that plaintiff lacked standing.
"A plaintiff establishes its standing in a mortgage foreclosure action
by demonstrating that it is both the holder or assignee of the subject
mortgage and the holder or assignee of the underlying note at the time
the action is commenced" (*Kondaur Capital Corp. v McCary*, 115 AD3d
649, 650; *see Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52,
59; *US Bank N.A. v Guy*, 125 AD3d 845, 846). Here, defendant met his
burden on his motion to dismiss by establishing that plaintiff lacked
standing because it did not have " '[e]ither a written assignment of
the underlying note or the physical delivery of the note prior to the
commencement of the foreclosure action' " (*US Bank N.A. v Madero*, 80

AD3d 751, 753; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362; *cf. Deutsche Bank Trust Co. Ams.*, 131 AD3d at 59-60), and plaintiff failed to raise a question of fact (*cf. US Bank N.A. v Faruque*, 120 AD3d 575, 578; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 683).

   Contrary to plaintiff's further contention, the court properly reconsidered defendant's CPLR 3211 motion to dismiss, having expressly denied the earlier motion with leave to renew after the completion of discovery.  Indeed, in the order on appeal and in its written decision underlying the order, the court specified that it had "reserved decision" on the earlier motion.

   We agree with plaintiff, however, that the court erred in sua sponte cancelling the mortgage.  Defendant "was not entitled to the judicial determination cancelling and discharging the subject mortgage and adjudging the subject property free therefrom" (*Ruiz v Mortgage Elec. Registration Sys., Inc.*, 130 AD3d 1000, 1002; *see generally IndyMac Bank, F.S.B. v Yano-Horoski*, 78 AD3d 895, 896).  We therefore modify the order accordingly.

Entered:  October 9, 2015                      Frances E. Cafarell
                                               Clerk of the Court