■ U.S. BANK NATIONAL ASSOCIATION, Appellant, v MICHAEL HANDLER et al., Respondents, et al., Defendants. [34 NYS3d 463]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), entered February 27, 2014, as denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendants Michael Handler and Miriam Handler and granted the cross motion of the defendants Michael Handler and Miriam Handler for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendants Michael Handler and Miriam Handler for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On September 10, 2002, the defendant Michael Handler executed and delivered a note evidencing a $640,000 loan to him from First Financial Equities, Inc. (hereinafter First Financial). On the same day, Handler and his wife, the defendant Miriam Handler (hereinafter together the Handlers), executed and delivered a mortgage against their real property, located in Brooklyn, to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for First Financial. Thereafter, the mortgage allegedly was assigned to the plaintiff.

In November 2007, the plaintiff commenced this action to foreclose the mortgage, alleging that the Handlers defaulted on their loan payments. The Handlers answered the complaint and disputed that the plaintiff had standing to commence the action. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Handlers. The

Handlers cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the Handlers and granted the Handlers' cross motion. The plaintiff appeals.

Where as here, standing is placed in issue, the plaintiff is required to prove its standing in order to be entitled to relief (*see Deutsche Bank Natl. Trust Co. v Weiss*, 133 AD3d 704, 705 [2015]; *Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2014]; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014], *affd* 25 NY3d 355 [2015]). Generally, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]).

Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. The evidence submitted by the plaintiff did not demonstrate, prima facie, that the note was physically delivered to it prior to the commencement of the action (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 652 [2016]; *US Bank N.A. v Faruque*, 120 AD3d at 577). The plaintiff is not the original lender on the note, and the plaintiff's complaint, verified by the plaintiff's attorney, contains no allegation that the note was delivered or assigned to the plaintiff, or that the plaintiff was in possession of the note. The affidavit from a vice president of the plaintiff's servicing agent, who did not attest that he was personally familiar with the plaintiff's record keeping practices with respect to the note, failed to establish, prima facie, that the plaintiff had physical possession of the note prior to the commencement of the action (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652). Furthermore, the submission by the plaintiff of two different copies of the note with endorsements raises a triable issue of fact as to whether the note was assigned to the plaintiff prior to the commencement of the action (*see Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702, 702 [2015]; *Flagstar Bank, FSB v Anderson*, 129 AD3d 665, 666 [2015]; *Wells Fargo*

*Bank, NA v Burke*, 125 AD3d 765, 767 [2015]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the Handlers (*see US Bank N.A. v Faruque*, 120 AD3d at 576).

The Supreme Court erred, however in granting the Handlers' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The Handlers failed to establish their prima facie entitlement to judgment as a matter of law, as their submissions did not demonstrate that the plaintiff lacked standing to commence the action. At best, the Handlers demonstrated that issues of fact exist, inter alia, regarding the plaintiff's standing as the lawful holder or assignee of the subject note on the date of commencement of the action (*see Bank of Am., N.A. v Paulsen*, 125 AD3d 909, 911 [2015]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.