OPINION OF THE COURT
Lizbeth González, J.
By letter dated September 29, 2010, defendant George Rodri *758 guez was notified that his mortgage loan for the subject premises known as 2735 Hering Place in Bronx County was in serious default; a total amount of $22,065.22 was due for outstanding monthly payments, late charges and fees. On June 21, 2011, plaintiff commenced a foreclosure action under index No. 380677/2011. Plaintiff filed a request for judicial intervention (RJI) to discontinue that action on July 18, 2012.
The underlying foreclosure action was commenced on December 3, 2012 under index No. 35153/2012. The basis for the discontinuance and the delay in filing the second action are unexplained.
Plaintiff filed an RJI on June 14, 2013 requesting a residential foreclosure settlement conference. At the settlement conference subsequently held on December 11, 2013, defendants Rodriguez and Joyce D. Spann-Moot were denied a modification. By order dated December 11, 2013, the Honorable Robert E. Torres dismissed their appeal, directed plaintiff to proceed with the foreclosure and issued a 45-day stay. On December 21, 2015, plaintiff moved for an order granting summary judgment, striking the answer, awarding a default judgment and appointing a referee.
By decision dated May 24, 2016, this court denied summary judgment on the ground that plaintiff’s proffered indorsement was placed not on the note itself but rather on a separate piece of paper, thus creating a triable issue as to who held the note at the time that the action was commenced. The court additionally held that by waiting more than three years to file an RJI after the defendants’ alleged default, plaintiff violated the “good faith” requirements of CPLR 3408. After careful consideration, the court referred the parties to the Foreclosure Settlement Part for a review of the accrued interest and penalties and for possible settlement.
In lieu of appearing in the Foreclosure Settlement Part, plaintiff moves to reargue its earlier application for summary judgment. Defendants Rodriguez and Joyce D. Spann-Moot oppose the motion on several grounds.
Timeliness
A motion to reargue must be made within 30 days after service of a copy of the order determining the prior motion and written notice of its entry (CPLR 2221 [d] [3]). On June 2, 2016, defendants e-filed a copy of the May 24, 2016 order with notice of entry. Plaintiff e-filed a motion for reargument on *759 July 5, 2016. Defendants contend that plaintiff’s motion is untimely because its 30-day period for argument expired on July 2, 2016. Plaintiff contends that the 30-day period was extended pursuant to General Construction Law § 25-a because July 2, 2016 was a Saturday, and the following Monday was July 4th, a holiday.
General Construction Law § 25-a (1) provides that “[w]hen any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day.” Defendants argue that no such extension is available since Uniform Rules for Trial Courts (22 NYCRR) § 202.5-b (d) (3) (i) provides that electronically filed documents may be transmitted at any time of night or day to the New York State Courts Electronic Filing site. No citation is proffered to buttress their argument. The court accordingly declines to adopt defendants’ narrow construct. Plaintiff’s motion to reargue is deemed timely filed.
Indorsement
Plaintiff’s motion to reargue this court’s May 24, 2016 decision is granted to the following extent. This court in its prior decision determined that plaintiff lacked standing to sue to the extent that the indorsement appeared on a separate piece of paper and not on the note itself (see US Bank N.A. v Faruque, 120 AD3d 575 [2d Dept 2014]; U.S. Bank, N.A. v Collymore, 68 AD3d 752 [2d Dept 2009]; see also MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745 [2d Dept 2014]). In a supporting affirmation, plaintiff’s counsel establishes that the mirror image of the original stamped indorsement bled through and appears in reverse on the note’s signature page. Counsel superimposes side-by-side images on his affirmation to establish that the indorsement provided to the court was the reverse side of the signature page, not a separate, unadorned paper. Defendants offer no rebuttal and the court accordingly determines that plaintiff has standing to sue.
CPLR 3408
In any residential foreclosure action involving a home loan, a mandatory settlement conference must be held pursuant to CPLR 3408. Both the plaintiff and the defendant are required to negotiate in good faith (CPLR 3408 [f]). By itself, a party’s *760 failure to make or accept an offer is insufficient to establish a failure to negotiate in good faith (CPLR 3408 [f]). Unreasonable delays or the prosecution of foreclosure proceedings while loss mitigation applications are pending, however, may be considered as proof of noncompliance (CPLR 3408 [f] [3]).
Defendants were notified of their failure to meet their mortgage obligations in 2010 and were sued in 2011. That foreclosure action was discontinued by plaintiff in July 2012 for unknown reasons; several months later, a new foreclosure action was commenced in December 2012. Plaintiff filed an RJI in June requesting the mandatory settlement conference. When it was subsequently held in December 2013, defendants were deemed ineligible by plaintiff for a loan modification because their accumulated arrears—including untolled interest, late charges and fees—were too high.
Plaintiff bank seeks “full payment” of defendants’ debt. Plaintiff fails to explain its discontinuance of its original foreclosure action or its commencement of a second action. Plaintiff declines to follow this court’s directive that the borrowers’ accrued interest and penalties be reviewed in the Foreclosure Settlement Part for possible settlement. Under these circumstances, it would be “unconscionable to hold defendants responsible for plaintiff’s lengthy delay in obtaining the judgment of foreclosure and sale” (Yagamo Acquisitions v Baco Dev. 102 St., 278 AD2d 134, 134 [1st Dept 2000]).
Unexcused delay in prosecuting a foreclosure action can result in the disallowance of interest (Danielowich v PBL Dev., 292 AD2d 414 [2d Dept 2002]). CPLR 5001 (a) provides that in an action of an equitable nature, “interest and the rate and date from which it shall be computed” is within the court’s discretion. Like the court in Citimortgage, Inc. v Gueye (52 Misc 3d 1203[A], 2016 NY Slip Op 50972[U] [Sup Ct, NY County 2016]), this court finds that the plaintiff acted in bad faith contrary to the strictures of CPLR 3408 and issues the following directives:
1. Plaintiff commenced the first foreclosure action on June 21, 2011 then discontinued the action on July 18, 2012 without explanation. Plaintiff commenced a second action on December 3, 2012. Plaintiff shall not recover interest from July 18, 2012 to December 3, 2012.
2. By order dated December 11, 2013, plaintiff was directed by Justice Torres to proceed with the foreclosure action after plaintiff denied defendants’ request for a modification. Plaintiff *761 moved for summary judgment on December 21, 2015; its two-year delay is unexplained. Plaintiff shall not recover for accrued interest from December 11, 2013 through December 21, 2015, minus the 45-day stay.
3. Plaintiff shall not recover interest from the date of this court’s May 24, 2016 order to date.
4. Plaintiff shall not recover late charges from June 21, 2011 to date.
5. The parties are directed to appear in the Foreclosure Settlement Part to finalize the calculation of interest and for possible settlement.