DLJ Mtge. Capital v Mahadeo (2018 NY Slip Op 07963)





DLJ Mtge. Capital v Mahadeo


2018 NY Slip Op 07963


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7680 36033/15E

[*1]DLJ Mortgage Capital, Plaintiff-Appellant,
v
Hardayal Mahadeo also known as Hardy Mahadeo, Defendant-Respondent, Harryam Mahadeo also known as Harry Mahadeo, et al., Defendants.


Peter T. Roach & Associates, P.C., Syosset (Michael C. Manniello of counsel), for appellant.
Hardy Mahadeo, respondent pro se.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered December 18, 2017, which denied plaintiff's motion for a default judgment and to appoint a referee to compute the amount due and owing to plaintiff, and granted defendant/borrower, Hardayal Mahadeo a/k/a Hardy Mahadeo's cross motion to dismiss the complaint pursuant to, inter alia, CPLR 3211(a)(1), (2) and (7), with prejudice, unanimously modified, on the law, to deny defendant's cross motion, and otherwise affirmed, without costs.
The court should not have found that plaintiff failed to establish its standing by submission of documentary evidence proving the chain of ownership of the note at issue. Since defendant was moving for dismissal of the complaint, the burden was on him to make a prima facie demonstration that plaintiff lacked standing. In order to defeat the motion, plaintiff did not need to affirmatively establish its standing, but only to raise a triable issue of fact as to its standing (Deutsche Bank Natl. Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60 [2d Dept 2015]). Defendant did make a prima facie showing of lack of standing by calling into question the validity of the note in plaintiff's possession, as it is not the same as the note in two prior actions commenced by a different plaintiff, both voluntarily discontinued, purportedly seeking to foreclose on the same note.
Nevertheless, plaintiff has raised issues of fact as to its standing. "[T]o have standing, it is not necessary to have possession of the mortgage at the time the action is
commenced . . . . [T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law" (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). Plaintiff raised a question of fact as to its possession of the note prior to commencement of the action through the affidavit of Anthony D'Addona, who averred that he reviewed the books and records of plaintiff, kept in the ordinary course of business, and that plaintiff was the holder of the note and mortgage. This affidavit was sworn to on September 28, 2015, prior to commencement of this action. "It is well settled that a business entity may admit a business record through a person without personal knowledge of the document, its history or its specific contents where that person is sufficiently familiar with the corporate records to aver that the record is what it purports to be and that it came out of the entity's files" (DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146, 146 [1st Dept 2003]). The issue of standing cannot be determined on the record before this Court based on the apparently conflicting notes, raising issues of fact as to whether plaintiff is the lawful holder of the subject note. Thus, the matter is remanded for further proceedings (see US Bank N.A. v Faruque, 120 AD3d 575, 578 [2d Dept 2014]).
The court should not have dismissed the complaint based on prior actions pending, pursuant to CPLR 3211(a)(4). First, no party sought such relief, and defendant never argued this issue. Moreover, the prior actions were no longer "pending" and the parties were not "the same" (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK