US Bank N.A. v Arnan (2018 NY Slip Op 08529)





US Bank N.A. v Arnan


2018 NY Slip Op 08529


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-09376
 (Index No. 16379/09)

[*1]US Bank National Association, etc., respondent,
v
Amir Arnan, appellant, et al., defendant.


Eisenberg & Carton, Port Jefferson, NY (Lloyd M. Eisenberg of counsel), for appellant.
Hogan Lovells US, LLP, New York, NY (Benjamin P. Jacobs of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Amir Arnan appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 24, 2016. The judgment, upon an order of the same court dated July 9, 2015, granting the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, and denying his cross motion pursuant to CPLR 3211(a) and 3212 to dismiss the complaint insofar as asserted against him, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference is denied, and the order dated July 9, 2015, is modified accordingly.
In August 2009, the plaintiff commenced this action to foreclose a mortgage executed by the defendant Amir Arnan (hereinafter the defendant). The defendant interposed an answer in which he asserted various affirmative defenses. In November 2014, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a) and 3212 to dismiss the complaint insofar as asserted against him on the ground, inter alia, that the plaintiff failed to establish its standing to commence the action. By order dated July 9, 2015, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. On May 24, 2016, the Supreme Court entered a judgment of foreclosure and sale upon the order. The defendant appeals from the judgment of foreclosure and sale.
As the defendant correctly contends, the evidence tendered by the plaintiff was insufficient to meet its prima facie burden on its motion for summary judgment. Specifically, the plaintiff submitted the affidavit of Joseph Aldridge, a "Vice President Loan Documentation" of Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the servicer of the defendant's loan on behalf of the plaintiff. Aldridge, whose affidavit was based on his personal knowledge of "the books and records maintained by Wells Fargo in the ordinary course of business," averred that the plaintiff "was in possession of the [p]romissory [n]ote prior to the commencement of this action on August 14, 2009." The plaintiff failed to demonstrate that the records relied upon by Aldridge were admissible [*2]under the business records exception to the hearsay rule (see CPLR 4518[a]), because Aldridge, an employee of Wells Fargo, did not attest that he was personally familiar with the plaintiff's record-keeping practices and procedures (compare Deutsche Bank Nat. Trust Co. v Brewton, 142 AD3d 683, 685 and U.S. Bank N.A. v Handler, 140 AD3d 948, 949, with Bank of N.Y. Mellon v Lopes, 158 AD3d 662, 664).
Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.
We agree with the Supreme Court's denial of the defendant's cross motion pursuant to CPLR 3211(a) and 3212 to dismiss the complaint insofar as asserted against him, as he failed to eliminate triable issues of fact as to whether the plaintiff had standing (see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745, 747).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court