U.S. Bank Trust, N.A. v O'Driscoll (2019 NY Slip Op 00159)





U.S. Bank Trust, N.A. v O'Driscoll


2019 NY Slip Op 00159


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-08042
 (Index No. 135931/14)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
John S. O'Driscoll, etc., appellant, et al., defendants.


Robert E. Brown, P.C., Staten Island, NY, for appellant.
Day Pitney LLP, New York, NY (Rachel G. Packer and Alfred W. J. Marks of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John S. O'Driscoll, also known as John O'Driscoll, appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated June 20, 2017. The order, insofar as appealed from, upon a decision of the same court (Kenneth R. McGrail, Ct. Atty. Ref.), dated March 30, 2017, made after a hearing to determine whether the plaintiff had standing to prosecute this action, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant, and denied that defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2014, the plaintiff commenced this action to foreclose a mortgage against the defendant John S. O'Driscoll, also known as John O'Driscoll, among others. The plaintiff attached the promissory note at issue to the summons and complaint. The note was accompanied by an "allonge to note," in which the original lender, Household Finance Realty Corporation of New York, endorsed the note in blank.
In December 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against O'Driscoll. O'Driscoll opposed the motion, and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing. At a hearing to determine whether the plaintiff had standing to prosecute this action, the plaintiff presented the testimony of Jamar Harris, a default servicing officer for Caliber Home Loans (hereinafter Caliber), the servicer of the loan at issue. Harris testified that the plaintiff obtained the original note on December 3, 2013. Specifically, he testified that the original note had been sent to Wells Fargo as custodian for the plaintiff on that date.
In a decision dated March 30, 2017, a Court Attorney Referee determined that the plaintiff had established standing. In the order appealed from, the Supreme Court granted the subject branch of the plaintiff's motion, and denied O'Driscoll's cross motion.
A plaintiff has standing to maintain a mortgage foreclosure action where it is the [*2]holder or assignee of the underlying note at the time the action is commenced (see U.S. Bank, N.A. v. Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "[A]n assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (Bank of N.Y. v Silverberg, 86 AD3d 274, 280; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Testimony from the loan's servicer may be used to establish standing (see U.S. Bank, N.A. v Godwin, 137 AD3d 1260, 1261-1262).
We agree with the Supreme Court's determination that the plaintiff had submitted evidence sufficient to establish standing (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862-863; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; cf. HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985). In opposition, Driscoll failed to raise a triable issue of fact. Accordingly, we agree with the court's determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against O'Driscoll, and for the same reasons, denying O'Driscoll's cross motion to dismiss the complaint insofar as asserted against him.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court