■ WELLS FARGO BANK, NA, Respondent, v BRIAN BURKE et al., Appellants, et al., Defendants. [5 NYS3d 107]—

In an action to foreclose a mortgage, the defendants Brian

Burke and Lisa Burke appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), entered September 16, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike their answer, and to appoint a referee to compute the sums due and owing under the subject note and mortgage.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendants Brian Burke and Lisa Burke, and to appoint a referee to compute the sums due and owing under the subject note and mortgage are denied.

In a mortgage foreclosure action, where the plaintiff's standing to commence the action is placed in issue by the defendant, "the plaintiff must prove its standing in order to be entitled to relief" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "[A] plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Bank of N.Y. v Silverberg*, 86 AD3d at 281).

Here, the evidence submitted by the plaintiff in support of its motion, inter alia, for summary judgment on the complaint, to strike the answer of the defendants Brian Burke and Lisa Burke (hereinafter together the Burke defendants), and to appoint a referee to compute the sums due and owing under the subject note and mortgage, did not establish that the subject note was physically delivered to it prior to the commencement of the action (*see US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2014]; *Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]). The affidavits of the plaintiff's Vice President of Loan Documentation did not give any factual details of a physical delivery and, thus, failed to establish that the plaintiff had physical possession of the note at the time the action was commenced (*see US Bank N.A. v Faruque*, 120 AD3d at 577; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *cf. Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628-629 [2014]). Further, although the plaintiff's Vice President of Loan Documentation stated in her affidavits that the plaintiff was the holder of the

note, she never stated that the plaintiff was the holder of the note at the time the action was commenced (*see U.S. Bank, N.A. v Collymore*, 68 AD3d at 754).

While the copy of the note submitted by the plaintiff in support of its motion includes an indorsement to the plaintiff by the original lender and a second indorsement to the plaintiff, both indorsements are undated and, thus, it is not clear whether the indorsements were effectuated prior to the commencement of this action (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682-683; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). Regarding the purported assignment of the note and mortgage, the assignment of the mortgage from the Mortgage Electronic Registration Systems, Inc., to the plaintiff dated March 4, 2011, transferred only the mortgage and, thus, the plaintiff failed to demonstrate that the note had also been assigned at that time (*see US Bank N.A. v Faruque*, 120 AD3d at 577; *Bank of N.Y. v Silverberg*, 86 AD3d at 283; *cf. Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]). Under these circumstances, the plaintiff failed to establish, prima facie, that it had standing to commence this action.

In any event, as the Burke defendants correctly contend, the plaintiff failed to submit an affidavit of service evincing that it properly served the Burke defendants pursuant to RPAPL 1304 (*see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]). Consequently, under the circumstances, the plaintiff failed to tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304 (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 106).

Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the Burke defendants, and to appoint a referee to compute the sums due and owing under the subject note and mortgage, should have been denied, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.