■ FLAGSTAR BANK, FSB, Respondent, v NOLLIS C. ANDERSON et al., Appellants, et al., Defendants. [12 NYS3d 118]—

In an action to foreclose a mortgage, the defendants Nollis C. Anderson and Christina Officer appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered July 15, 2013, as, upon a decision of the same court dated February 1, 2013, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike their answer, and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendants Nollis C. Anderson and Christina Officer, and for an order of reference are denied.

In a mortgage foreclosure action, where, as here, the plaintiff's standing to commence the action is placed in issue by a defendant, "the plaintiff must prove its standing in order to be entitled to relief" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "[A] plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Bank of N.Y. v Silverberg*, 86 AD3d at 281).

Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. The relevant affidavits the

plaintiff submitted contained conclusory statements regarding the plaintiff's possession of the note, without any factual details of a physical delivery and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing the action (*see US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2014]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2012]; *cf. Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628-629 [2014]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]). The copy of the note the plaintiff submitted in support of its motion included an indorsement to the plaintiff but, because the indorsement was undated, it is not clear whether the indorsement was effectuated prior to the commencement of this action (*see Wells Fargo Bank, NA v Burke*, 125 AD3d 765, 767 [2015]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682-683). Although the written assignment of the mortgage that the plaintiff submitted was dated and recorded prior to the date this action was commenced, that assignment only transferred the mortgage. The plaintiff failed to show that the note also was assigned at that time (*see Wells Fargo Bank, NA v Burke*, 125 AD3d at 765; *US Bank N.A. v Faruque*, 120 AD3d at 577).

Moreover, the plaintiff failed to tender sufficient evidence demonstrating the absence of triable issues of fact as to its strict compliance with RPAPL 1304 (*see Wells Fargo Bank, NA v Burke*, 125 AD3d at 767).

Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendants Nollis C. Anderson and Christina Officer (hereinafter together the appellants), and for an order of reference should have been denied, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appellants' remaining contention is not properly before this Court. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.