■ BANK OF NEW YORK MELLON, Respondent, v ALBERTO AQUINO et al., Appellants. [16 NYS3d 770]—

In an action to foreclose a mortgage, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 21, 2013, as, upon a decision of the same court dated December 11, 2012, granted the plaintiff's motion for summary judgment on the complaint and denied their cross motion, inter alia, for leave to amend their answer to add an affirmative defense of lack of standing and to dismiss the complaint on that ground. The notice of appeal from the decision dated December 11, 2012, is deemed to be a notice of appeal from the order entered May 21, 2013 (*see* CPLR 5512 [a]).

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default (*see Washington Mut. Bank v Schenk*, 112 AD3d 615 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009]; *Aurora Loan Servs., LLC v Thomas*, 53 AD3d 561 [2008]). Furthermore, where, as here, the plaintiff in a residential foreclosure action alleges in its complaint that it has served an RPAPL 1304 notice on the borrowers, in support of a motion for summary judgment the plaintiff must "prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]).

As the defendants correctly contend, the plaintiff failed to submit an affidavit of service evincing that it properly served them pursuant to RPAPL 1304 (*see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]; *Aurora Loan Servs.*,

*LLC v Weisblum*, 85 AD3d at 106). Consequently, the plaintiff did not establish its prima facie entitlement to judgment as a matter of law since it failed to demonstrate strict compliance with RPAPL 1304 (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 106). Thus, the plaintiff's motion for summary judgment on the complaint should have been denied (*see Wells Fargo Bank, NA v Burke*, 125 AD3d 765, 767 [2015]).

Contrary to the defendants' further contention, the Supreme Court properly denied those branches of their cross motion which were for leave to amend their answer to add the defense of lack of standing and to dismiss the complaint on that ground. The defendants initially did not raise in their answer a defense based upon lack of standing. Although, generally, this defense is waived under CPLR 3211 (e) where not raised in an answer or made the subject of a motion to dismiss, it can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b), as long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay, and is not palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Aurora Loan Servs., LLC v Dimura*, 104 AD3d 796, 797 [2013]; *U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 724 [2011]; *Complete Mgt., Inc. v Rubenstein*, 74 AD3d 722, 723 [2010]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' cross motion which was for leave to amend their answer to include the defense of lack of standing and to dismiss that complaint on that ground. As the Supreme Court properly determined, such a defense was patently devoid of merit (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]).

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.