In an action to foreclose a mortgage, the defendant Brian Weiss appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Adams, J.), dated April 25, 2014, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against him and to appoint a referee to compute the amount due to the plaintiff, and (2) so much of an order of the same court, also dated April 25, 2014, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and to appoint a referee to compute the amount due to the plaintiff.
Ordered that the appeal from the first order dated April 25, 2014, is dismissed, as that order was superseded by the second order; and it is further,
*705 Ordered that the second order dated April 25, 2014, is reversed insofar as appealed from, on the law, and those branches of the plaintiff’s motion which were for summary-judgment on the complaint insofar as asserted against the defendant Brian Weiss, to strike the answer of that defendant, and to appoint a referee to compute the amount due to the plaintiff are denied, and the first order dated April 25, 2014, is vacated; and it is further,
Ordered that one bill of costs is awarded to the appellant.
“[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default” (Argent Mtge. Co., LLC v Mentesana, 79 AD3d 1079, 1080 [2010] [internal quotation marks omitted]; see Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841, 842 [2015]; US Bank N.A. v Weinman, 123 AD3d 1108, 1109 [2014]). “Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief” (HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 983 [2015]; see Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689 [2014]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206 [2015]). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident” (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see US Bank N.A. v Faruque, 120 AD3d 575, 577 [2014]).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. The affidavit of an assistant secretary of the plaintiff’s loan servicer contained conclusory statements regarding the plaintiff’s possession of the note, without any factual details of a physical delivery, and thus, failed to establish that the plaintiff had physical possession of the note prior to commencing this action (see Flagstar Bank, FSB v Anderson, 129 AD3d 665, 665-666 [2015]; US Bank N.A. v Faruque, 120 AD3d at 577; Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 682 [2012]; cf. Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361). Although the assistant secretary of the plaintiff’s loan servicer stated in her affidavit that the plaintiff was the holder of the note, she never stated that the *706 plaintiff was the holder of the note at the time the action was commenced (see Wells Fargo Bank, NA v Burke, 125 AD3d 765, 766-767 [2015]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]). Furthermore, the copy of the note submitted by the plaintiff merely contained an undated indorsement by the original lender to IndyMac Bank, F.S.B., and a second undated indorsement in blank (see Flagstar Bank, FSB v Anderson, 129 AD3d at 666; U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Finally, the written assignment of mortgage to the plaintiff dated June 19, 2012, transferred only the mortgage and, thus, failed to demonstrate that the note also was assigned at that time (see Flagstar Bank, FSB v Anderson, 129 AD3d at 666; Wells Fargo Bank, NA v Burke, 125 AD3d at 767; US Bank N.A. v Faruque, 120 AD3d at 577).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant Brian Weiss, to strike the answer of that defendant, and to appoint a referee to compute the amount due to the plaintiff. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.