■ HSBC Bank USA, NA, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass Through Certificates Series 2005-AP2, 3476 Stateview Boulevard, Ft. Mill, SC 29715, Respondent, v Joyce Halls et al., Defendants, and Mortgage Electronic Registration Systems, Inc., as Nominee for American Brokers Conduct, Appellant. [24 NYS3d 752]—

In an action to foreclose a mortgage, the defendant Mortgage Electronic Registration Systems, Inc., as nominee for American

Brokers Conduit, appeals from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 12, 2013, as denied that branch of its motion which was pursuant to CPLR 3025 (b) for leave to amend its answer to assert the affirmative defense that the plaintiff lacked standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit (hereinafter MERS), failed to assert, in its answer or in a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a), the defense that the plaintiff lacked standing when it commenced this action (*see* CPLR 3211 [a] [3]; *U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 723 [2011]). Nearly five years later, MERS moved, inter alia, for leave to amend its answer to assert the defense of lack of standing. The Supreme Court denied the motion.

An argument that a plaintiff lacks standing, if not asserted in the answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211 (e) (*see U.S. Bank, N.A. v Sharif*, 89 AD3d at 723; *JP Morgan Chase Bank, N.A. v Strands Hair Studio, LLC*, 84 AD3d 1173, 1173 [2011]). Defenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b), as long as the amendment does not cause the other party prejudice or surprise resulting from the delay, and is not palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1187 [2015]; *Complete Mgt., Inc. v Rubenstein*, 74 AD3d 722, 723 [2010]).

A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753-754).

Contrary to MERS' contention, the Supreme Court providently exercised its discretion in denying its motion for leave to amend its answer to add the defense that the plaintiff lacked standing. As the Supreme Court properly determined, such a defense was patently devoid of merit (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]; *Bank of N.Y. Mellon v*

*Aquino*, 131 AD3d at 1187; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]).

MERS' remaining contentions are without merit or academic in light of our determination.

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of MERS' motion which was pursuant to CPLR 3025 (b) for leave to amend its answer to assert the affirmative defense that the plaintiff lacked standing. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.