■ JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Respondent, v SUZANNE KUTCH, Appellant, et al., Defendants. [36 NYS3d 235]—

In an action to foreclose a mortgage, the defendant Suzanne Kutch appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated October 28, 2013, as, upon reargument, in effect, vacated the determination in an order of the same court dated January 7, 2013, denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her, and thereupon granted that branch of the plaintiff's motion.

Ordered that the order dated October 28, 2013, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated January 7, 2013, denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Suzanne Kutch is adhered to.

On October 5, 2006, the appellant executed a note to borrow the principal sum of $900,000. The note was secured by a mortgage on the appellant's home. In March 2010, the plaintiff commenced this foreclosure action alleging that the appellant had defaulted on her payment obligations under the note and mortgage. In the complaint, the plaintiff also alleged that it had complied with the notice requirements of RPAPL 1304. In her answer, the appellant denied this allegation. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant, and, upon reargument, the Supreme Court granted that branch of the plaintiff's motion. On appeal, the appellant contends that the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304.

In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default (*see Flagstar Bank, FSB v Mendoza*, 139 AD3d 898 [2016]; *One W. Bank, FSB v Albanese*, 139 AD3d 831 [2016]; *Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1187 [2015]). Furthermore, where, as here, the plaintiff in a residential foreclosure action alleges in its complaint that it has served a notice pursuant to RPAPL 1304 on a borrower, in support of a motion for summary judgment, the plaintiff must "prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *see Bank of N.Y. Mellon v Aquino*, 131 AD3d at 1187).

Here, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of a vice president, who averred that she had reviewed the business records, maintained in the regular course of business by the plaintiff, relating to the appellant's loan. Based upon her review, she averred that the RPAPL 1304 notice was mailed to the borrower "by registered or certified and first class mail" on December 4, 2009. These unsubstantiated and conclusory statements were insufficient to establish that the required RPAPL 1304 notice was mailed to the appellant by first class and certified mail (*see Cenlar, FSB v Weisz*, 136 AD3d 855, 856 [2016]; *Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879 [2015]; *Bank of N.Y. Mellon v Aquino*, 131 AD3d at 1186-1187; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 107; *First Natl. Bank of Chicago v Silver*, 73 AD3d 162, 163 [2010]).

Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the appellant's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, upon reargument, the Supreme Court should have adhered to its prior determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellant.

In light of our determination, we need not address the appellant's remaining contentions. Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.