OPINION OF THE COURT
Maria S. Vazquez-Doles, J.
Procedural History
This is a foreclosure action which was commenced by summons and complaint on September 1, 2015, by HSBC Bank USA, N.A. Defendants were served the summons and complaint and certificate of merit of the plaintiff on September 24, 2015, and the only defendant that served an answer was Patricia As-chmoneit. No other defendants answered or appeared in this action. Both plaintiff and defendant Patricia Aschmoneit participated in court mediated settlement conferences from November 16, 2015 until January 25, 2016, and after settlement was not reached, it was subsequently transferred to a Trial Part.
Three months later, the court sent the parties a foreclosure action scheduling order to appear on April 27, 2016 at 2:00 p.m., stating that any applications for relief needed to be submitted to the court on or before that next conference date. It further ordered that if plaintiff failed to timely submit its application for relief on or before that conference date that it may result in dismissal of the action pursuant to 22 NYCRR 202.27, unless an adjournment based on good cause is obtained.
On April 27, 2016, plaintiff’s counsel appeared for the foreclosure conference and stated that he was unable to obtain *290 an affidavit of merit from plaintiff so that he could make the application for a summary judgment motion timely. As such, since plaintiff was not ready to proceed at the scheduled conference, the court dismissed the action, pursuant to its notice in the foreclosure scheduling conference order, pursuant to 22 NYCRR 202.27.
Plaintiff now brings this motion for the following relief: (1) to vacate the prior dismissal of the action, dated April 27, 2016; (2) to award plaintiff summary judgment against defendant Patricia Aschmoneit, pursuant to CPLR 3212; (3) to strike the answer interposed by defendant Patricia Aschmoneit; (4) to award plaintiff default judgment against all non-answering defendants; (5) to appoint a referee to compute the total sums due and owing to plaintiff; (6) to amend the caption to substitute HSBC USA, N.A. as plaintiff to Federal National Mortgage Association; and (7) for such further relief as the court deems just and proper. Defendant, Patricia Aschmoneit, by way of her attorney, Douglas M. Jones, submitted an affirmation in opposition.
Factual Background
First Federal Savings and Loan Association of Rochester was the original lender of the note signed by the defendants Patricia Aschmoneit and Thomas Aschmoneit on October 23, 1996, in the amount of $150,000, to be paid in monthly payments of $1,444.33 and at a rate of interest of 8.125%. Said note is attached as exhibit A to plaintiff’s motion and an undated al-longe is affixed and endorsed in blank. Plaintiff’s exhibits B through F contain assignments of mortgage, consolidation agreements and a certificate of merger in chronological order as follows: by and between Patricia and Thomas Aschmoneit to First Federal Savings and Loan Association of Rochester dated October 23, 1996; a certificate of merger from the State of New York Banking Department dated March 7, 1997 merging First Federal Savings and Loan Association of Rochester with Marine Midland Mortgage Corporation; a consolidation, extension and modification agreement between Patricia Aschmoneit and Thomas Aschmoneit to Marine Midland Mortgage Corporation in the amount of $150,000 dated March 13, 1998; a new note and mortgage between Patricia Aschmoneit and Thomas Aschmoneit to Marine Midland Mortgage Corporation dated March 13, 1998 and endorsed in blank; an assignment by successor from First Federal Savings and Loan Association of *291 Rochester to Marine Midland Mortgage Corporation dated March 25, 1998; a corporate secretary’s certificate evidencing that Marine Midland Mortgage Corporation will be known as HSBC Mortgage Corporation effective March 29, 1999; a corporate assignment of mortgage dated March 23, 2012 from HSBC Mortgage Corporation to HSBC Bank USA, N.A.; and an assignment of mortgage from HSBC Bank USA, N.A. to Federal National Mortgage Association, dated December 17, 2015.
Discussion
Plaintiff argues that the court’s dismissal was improper, pursuant to 22 NYCRR 202.27, because the plaintiff’s counsel appeared at the conference; therefore, the court did not have the discretion to dismiss the action. The court has considered plaintiff’s argument and finds it is without merit. According to 22 NYCRR 202.27, it states, in pertinent part, “At any scheduled call of a calendar or at any conference, if all parties do not appear and proceed or announce their readiness to proceed immediately.” Plaintiff not only needed to appear but proceed or announce its readiness to proceed, for which plaintiff announced that it was not ready to proceed on April 27, 2016 because it did not obtain an affidavit of merit from its client so that it could make its summary judgment motion timely. The court noted that plaintiff had three months since it left the Settlement Conference Part to put in its motion, and that it never sought an adjournment of the appearance date nor did it outline what diligent efforts were taken to obtain the required affidavit of merit from their representative. Therefore, because of plaintiff’s inability to announce its readiness to proceed, the court was correct in dismissing the case without prejudice. The court has the discretion to make such order as is just and to control its calendar.
Plaintiff further requests that the court vacate the dismissal of the action that occurred on April 27, 2016 and substitute the plaintiff HSBC USA, N.A. with Federal National Mortgage Association as the plaintiff in its stead. CPLR 5015 governs the vacatur of a judgment of dismissal within one year of its application. A party can move to vacate a default if (1) it is excusable and (2) there is a meritorious claim or defense. (See CPLR 5015 [a] [1].) Plaintiff claims that it appeared in court on the date of the conference, but needed to obtain an affidavit of merit from its client before it could file its summary judgment *292 motion and that is the reason why it could not proceed. On its motion for a vacatur of the dismissal, the plaintiff fails to provide an excusable reason why it failed to be ready to proceed and why it believes it remains to have a meritorious claim. Upon its submissions and for the reason below, the court is clear why the plaintiff was not ready to proceed and why it would not have ever been ready to proceed.
The record demonstrates that this action was commenced by the filing of the summons and complaint on September 1, 2015, and it was served on the defendants along with the certificate of merit from the plaintiff HSBC USA, N.A. on September 24, 2015. Plaintiff admits that it assigned its mortgage from HSBC USA, N.A. to Federal National Mortgage Association after the action was commenced and said assignment did not take place until December 17, 2015 (plaintiff’s exhibit E). Plaintiff also admits through the affidavit of Nathan Abeln, foreclosure specialist, of Seterus, Inc., as subservicer for Federal National Mortgage Association in support of its motion, that it assigned the note to Federal National Mortgage Association although no documentary proof of the assignment was provided to the court. Defendant Patricia Aschmoneit counters that although plaintiff has a reason for not being ready to proceed, it is not an excusable one and it also does not have a meritorious claim because she was never given a certificate of merit by Federal National Mortgage Association at the time that she was served the summons and complaint, a requirement, pursuant to CPLR 3012-b, because that entity was not the creditor at the time of commencement of this action.
The court agrees with defendant Patricia Aschmoneit. Plaintiff HSBC USA, N.A. properly provided defendants with the certificate of merit when it initiated the action because it was the creditor at the time of commencement. However, along with its assignments of the mortgage and note post-commencement, the plaintiff cannot seek to assign its lawsuit, simply by asking to substitute the plaintiff and bypassing the requirements under CPLR 3012-b from a new creditor. Plaintiff HSBC USA, N.A. admits in this motion that it assigned the mortgage to Federal National Mortgage Association post-commencement and that the assignee (new creditor) would never be able to comply with CPLR 3012-b because it states in pertinent part:
“(a) In any residential foreclosure action involving a home loan, ... in which the defendant is a *293 resident of the property which is subject to foreclosure, the complaint shall be accompanied by a certificate, signed by the attorney for the plaintiff, certifying that the attorney has reviewed the facts of the case and that, based on consultation with representatives of plaintiff identified in the certificate and the attorney’s review of documents, . . . , to the best of such attorney’s knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under such documents” (emphasis added).
Plaintiff’s counsel must have known this fact at the foreclosure conference, dated April 27, 2016, and knew it could not provide the court with the requisite affidavit because it was for a different creditor that was not the plaintiff in this action. Additionally, plaintiff knew this fact for over a year and instead of filing a stipulation of discontinuance on its action once it admittedly assigned the mortgage and note on December 17, 2015, it chose instead, to remain on the calendar for over a year after the assignments and continue to represent to the court that it was a proper plaintiff. Therefore, although this plaintiff has a reason why it could not proceed, it was not an excusable reason.
Additionally, plaintiff does not provide documentary proof of the assignment of the note to Federal National Mortgage Association with this motion, which gives rise to defendant’s claim as to who has standing. Plaintiff HSBC USA, N.A. only provided the assignment of the mortgage although plaintiff asserts, via the affidavit of Nathan Abeln, mentioned above, that Federal National Mortgage Association holds the note also.
It is well settled that
“[ejither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Bank of N.Y. v Silverberg, 86 AD3d at 281)” (Wells Fargo Bank, NA v Burke, 125 AD3d 765, 766 [2d Dept 2015]).
The court finds that plaintiff has also failed to state a meritorious claim for vacatur of the dismissal of this foreclosure action as it is no longer the holder of the mortgage nor the holder of the note and the court now knows that it is no longer a proper plaintiff against the defendants, nor was it a proper plaintiff *294 on the date of the court’s dismissal on April 27, 2016, by its own admission. As a result, the court denies plaintiffs relief in its entirety with prejudice.
Accordingly, it is hereby ordered that plaintiff’s motion for the following relief: (1) to vacate the prior dismissal of the action, dated April 27, 2016; (2) to award plaintiff summary judgment against defendant Patricia Aschmoneit, pursuant to CPLR 3212; (3) to strike the answer interposed by defendant Patricia Aschmoneit; (4) to award plaintiff default judgment against all non-answering defendants; (5) to appoint a referee to compute the total sums due and owing to plaintiff; (6) to amend the caption to substitute HSBC USA, N.A. as plaintiff to Federal National Mortgage Association; and (7) for such further relief as the court deems just and proper is denied with prejudice.
Any matters not specifically addressed have been considered and denied.