■ M&T Bank, Respondent, v Jean Joseph, Appellant, et al., Defendants. [58 NYS3d 150]—

In an action to foreclose a mortgage, the defendant Jean Joseph appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated August 4, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jean Joseph, to strike his answer, and for an order of reference are denied, and an amended order of the same court dated January 20, 2016, which, inter alia, referred the matter to a referee is vacated.

In January 2009, Jean Joseph (hereinafter the defendant)

borrowed the sum of $422,394 from the plaintiff, M&T Bank. The loan was evidenced by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for the plaintiff, for the purposes of recording and encumbering real property in Brooklyn. The defendant allegedly defaulted on the loan by failing to make the payment due on June 1, 2010. In December 2010 the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer in which he asserted various affirmative defenses, including that the plaintiff failed to comply with the statutory notice requirements of RPAPL 1304. After a mandatory foreclosure settlement conference, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The Supreme Court granted the motion. We reverse insofar as appealed from.

"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009] [brackets and internal quotation marks omitted]; *see Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1186 [2015]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]). Furthermore, where, as here, the plaintiff in a residential foreclosure action alleges in its complaint that it has served an RPAPL 1304 notice on the borrowers, a plaintiff moving for summary judgment must "prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]).

Here, in moving for summary judgment, the plaintiff failed to submit an affidavit of service or proof of mailing by the post office evincing that it properly served the defendant pursuant to RPAPL 1304 (*see CitiMortgage, Inc. v Pappas*, 147 AD3d 900 [2017]; *Bank of N.Y. Mellon v Aquino*, 131 AD3d at 1186; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2013]). Moreover, contrary to the plaintiff's contention, the unsubstantiated and conclusory statement of a vice president of the plaintiff that "a 90-day default letter was sent in accordance with . . . RPAPL 1304" was insufficient to establish that the required notice was mailed to the defendant by first-class and certified mail (*see Cenlar, FSB v Weisz*, 136 AD3d 855, 856 [2016]; *cf. Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 900 [2016]; *Citimortgage, Inc. v Espinal*, 134 AD3d 876, 878 [2015]).

Since the plaintiff failed to satisfy its prima facie burden with respect to RPAPL 1304, its motion for summary judgment should have been denied regardless of the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

In view of our determination, we need not address the defendant's remaining contention. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.