Wells Fargo Bank, N.A. v Moran (2019 NY Slip Op 00637)





Wells Fargo Bank, N.A. v Moran


2019 NY Slip Op 00637


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-10613
 (Index No. 6846/14)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
James Moran, appellant, et al., defendants.


James Moran, Bethpage, NY, appellant pro se.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant James Moran appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 13, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant James Moran and for an order of reference, and denied the cross motion of the defendant James Moran, inter alia, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant James Moran and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this mortgage foreclosure action against, among others, the defendant James Moran (hereinafter the defendant). The defendant interposed an answer and asserted various affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals, arguing, inter alia, that the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference and granted that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him due to the plaintiff's failure to strictly comply with RPAPL 1304.
Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition (see JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536, 537; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830). The statute requires that such notice be [*2]sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by submission of proof of mailing by the post office (see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901).
Here, in support of its motion, the plaintiff failed to demonstrate, prima facie, its compliance with the requirements of RPAPL 1304. In this regard, the plaintiff failed to submit an affidavit of service or proof of mailing by the post office evincing that it properly served the defendant pursuant to RPAPL 1304. Contrary to the plaintiff's contention, its submission of an affidavit of the employee of its servicer was not sufficient to establish that the notices were sent to the defendant in the manner required by RPAPL 1304. While mailing may be proved by documents meeting the requirements of the business records exception to the hearsay rule under CPLR 4518 (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827), here, the affiant did not aver that he was familiar with the servicer's mailing practices and procedures and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Henry, 157 AD3d 839, 841-842; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; M & T Bank v Joseph, 152 AD3d 579, 580; Citibank, N.A. v Wood, 150 AD3d 813, 814). The affiant's unsubstantiated and conclusory statements were insufficient to establish that the RPAPL 1304 notice was mailed to the defendant by first-class and certified mail (see U.S. Bank N.A. v Henry, 157 AD3d at 841-842; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d at 892; M & T Bank v Joseph, 152 AD3d at 580; Citibank, N.A. v Wood, 150 AD3d at 814). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, contrary to the defendant's contention, he did not establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with the notice requirements of RPAPL 1304 (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 828).
The defendant's remaining contentions are without merit.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court