US Bank N.A. v Rode (2019 NY Slip Op 01446)





US Bank N.A. v Rode


2019 NY Slip Op 01446


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-02175
 (Index No. 10745/11)

[*1]US Bank National Association, etc., respondent,
v
Annmarie Rode, etc., appellant, et al., defendants.


Duncan, Fish & Vogel, LLP, Smithtown, NY (Richard E. Fish of counsel), for appellant.
Hogan Lovells US, LLP, New York, NY (Heather R. Gushue of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Annmarie Rode appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 8, 2017. The order and judgment granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed a referee's report, and, inter alia, directed the sale of the subject property. The appeal brings up for review an order of the same court entered March 31, 2015, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Annmarie Rode and for an order of reference, and so much of an order of the same court entered September 25, 2015, as granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Annmarie Rode and for an order of reference is denied, and the orders entered March 31, 2015, and September 25, 2015, are modified accordingly.
In July 2011, the plaintiff commenced this mortgage foreclosure action against Annmarie Rode (hereinafter the defendant), among others. The defendant interposed a verified answer. In August 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, on the ground, among others, that the plaintiff failed to demonstrate its compliance with RPAPL 1304. By order entered March 31, 2015, the Supreme Court granted the plaintiff's motion. In a subsequent order entered September 25, 2015, the court, inter alia, granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. On September 8, 2017, the court entered an order and judgment of foreclosure and sale.
RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice (see id.), and provides that such notice must be sent by registered or certified mail and by first-class [*2]mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 891-892; Citibank, N.A. v Wood, 150 AD3d 813, 814).
Here, the plaintiff failed to demonstrate, prima facie, its compliance with the requirements of RPAPL 1304 (see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050). In support of its motion, the plaintiff failed to submit an affidavit of service or proof of mailing by the post office evincing that it properly served the defendant pursuant to RPAPL 1304 (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014; M & T Bank v Joseph, 152 AD3d 579, 580; CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901). Moreover, the affidavits of two vice presidents for loan documentation of the plaintiff's loan servicer were insufficient to establish compliance with the statute (see Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1014; M & T Bank v Joseph, 152 AD3d at 580).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court