Sparta GP Holding Reo Corp. v Lynch (2020 NY Slip Op 04803)





Sparta GP Holding Reo Corp. v Lynch


2020 NY Slip Op 04803


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-05776
 (Index No. 62708/14)

[*1]Sparta GP Holding Reo Corp., respondent,
v
Debi Lynch, appellant, et al., defendants.


Charles Wallshein, Melville, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Debi Lynch appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), entered March 28, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated December 18, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Debi Lynch and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Debi Lynch and for an order of reference are denied, and the order dated December 18, 2017, is modified accordingly.
The plaintiff commenced this action to foreclose a mortgage encumbering a residential property located in Southampton. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Debi Lynch (hereinafter the defendant) and for an order of reference. In an order dated December 18, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and the defendant appealed. The appeal from the order dated December 18, 2017, was dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (Sparta GP Holding Reo Corp. v Lynch, __ AD3d __ [Appellate Division Docket No. 2018-01495; decided herewith]; see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on this appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Where a defendant in a residential foreclosure action raises the issue of compliance with RPAPL 1304, the plaintiff must tender sufficient evidence demonstrating the absence of triable issues of fact as to its strict compliance with that statute (see Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829; M & T Bank v Joseph, 152 AD3d 579, 580; Bank of N.Y. Mellon v Aquino, 131 AD3d [*2]1186, 1186; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304 was added to the Real Property Actions and Proceedings Law in 2008 as part of the legislative response to the subprime lending crisis and the epidemic of foreclosures (see L 2008, ch 472, § 2). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." When this action was commenced in 2013, RPAPL 1304(1) required that the notice sent to borrowers contain the following language: " As of . . ., your home loan is . . . days in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home. You can cure this default by making the payment of . . . dollars by . . .'" (see L 2009, ch 507 § 1-a). Service of RPAPL 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17; Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829; Wells Fargo Bank, N.A. v Mandrin, 160 AD3d 1014).
Here, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. In support of its motion, the plaintiff submitted copies of both its RPAPL 1304 notice and the 30-day notice of default required by the mortgage agreement. Both notices were dated April 15, 2013; however, these notices contained a factual discrepancy regarding the cure date, to wit, the cure date stated in the RPAPL 1304 90-day notice was May 15, 2013, whereas the cure date stated in the 30-day notice was May 20, 2013. Given the factual inaccuracy contained in at least one of the notices, and because the potential inaccuracy in the 90-day notice involved information that was required under RPAPL 1304, the plaintiff's submissions did not eliminate the existence of a triable issue of fact as to whether the RPAPL 1304 notice was defective on its face (see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860; Hudson City Sav. Bank v DePasquale, 113 AD3d 595, 596; cf. Citibank, N.A. v Crick, 176 AD3d 776).
Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference should have been denied, without regard to the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320; Flagstar Bank, FSB v Damaro, 145 AD3d at 860; Hudson City Sav. Bank v DePasquale, 113 AD3d at 596).
In view of the foregoing, the defendant's remaining contentions are academic.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court