Santander Bank, N.A. v Schaefer (2021 NY Slip Op 02005)





Santander Bank, N.A. v Schaefer


2021 NY Slip Op 02005


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-13683 
2018-13686
 (Index No. 602058/15)

[*1]Santander Bank, N.A., etc., respondent,
v
Wayne J. Schaefer, etc., et al., appellants, et al., defendants.


John Lehr, P.C., New Hyde Park, NY, for appellants.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Wayne J. Schaefer and Bibi Salima Schaefer appeal from two orders of the Supreme Court, Suffolk County (Linda J. Kevins, J.), both dated October 5, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Wayne J. Schaefer and Bibi Salima Schaefer, to strike their answer, and for an order of reference are denied.
On February 21, 2015, the plaintiff commenced this action to foreclose a mortgage on residential property against, among others, the defendants Wayne J. Schaefer and Bibi Salima Schaefer (hereinafter together the defendants). The defendants interposed an answer in which they asserted, inter alia, an affirmative defense asserting that the plaintiff failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants to strike their answer, and for an order of reference. In the orders appealed from, the Supreme Court, inter alia, granted the plaintiff's motion. The defendants appeal.
Since the defendants raised noncompliance with RPAPL 1304 as an affirmative defense in their answer, the plaintiff, in support of its motion for summary judgment, was required to tender sufficient evidence demonstrating the absence of triable issues of fact as to its strict compliance with RPAPL 1304 (see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1128; HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669). RPAPL 1304(1) provides, inter alia, that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences a legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (U.S. Bank N.A. v [*2]Bochicchio, 179 AD3d 1133, 1135). "Proof of the requisite mailings 'can be established with proof of the actual mailings, such as affidavits of mailings or mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d at 1129, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Here, in support of its motion, the plaintiff submitted, inter alia, an affidavit of Tewana Sheriff, a foreclosure administrator for the plaintiff's servicer who, based upon review of "business records maintained for the purpose of servicing plaintiff's mortgage loans," averred that the 90-day notice was sent via first-class and certified mail in accordance with RPAPL 1304. Sheriff did not refer to any specific records demonstrating compliance with RPAPL 1304, did not aver that she had personal knowledge of the subject mailings, and did not set forth personal knowledge of a standard office mailing procedure designed to ensure that items were properly addressed and mailed. Although the plaintiff submitted a signed certified mail receipt and United States Postal Service tracking information, those items do not refer to a 90-day notice, and a copy of the 90-day notice does not include a United States Postal Service tracking number corresponding with the certified mail receipt (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d at 670-671). Moreover, the plaintiff failed to, inter alia, submit any proof of mailing the 90-day notice by first-class mail. Therefore, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 867; M & T Bank v Biordi, 176 AD3d 1194, 1196; see also JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536, 537).
The defendants' remaining contention is not properly before this Court.
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court